IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Norman Alan Kerr, | ) | Civil Action No. 5:16-278-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, K. Rogers, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Norman Alan Kerr, ("Petitioner"), a federal prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for all pre-trial proceedings. On September 12, 2016, the Magistrate Judge issued a Report and Recommendation, ("the Report") (ECF No. 36), recommending that Respondent's Motion to Dismiss or for Summary Judgment, (ECF No. 31), be granted and that the petition be dismissed *with prejudice*. On September 19, 2016, Petitioner filed an Objection to the Report. (ECF No. 38). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection consists largely of restatements of arguments already advanced in prior filings coupled with inapposite legal citations and efforts to present alternate factual scenarios not adequately supported in the record. Nowhere in Petitioner's Objection does he meaningfully counter the core legal conclusion of the Magistrate Judge's analysis; namely, that because at least some record evidence exists to support the prison disciplinary hearing officer's finding that Petitioner did, in fact, commit the prohibited act detailed in the insolence charge all of the constitutional requirements of due process were satisfied in this case.

Based upon the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 36), overruling Petitioner's Objection. (ECF No. 38). Respondent's Motion to Dismiss or for Summary Judgment, (ECF No. 31), is **GRANTED** and the petition is **DISMISSED** *with prejudice*.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.   A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

September 20, 2016
Columbia, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.